# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BKL HOLDINGS, INC. D/B/A LICENSE COACH, § § § *Plaintiff*, § § v. § § GLOBE LIFE INC., AMERICAN INCOME § LIFE INSURANCE COMPANY, LIBERTY § NATIONAL LIFE INSURANCE § COMPANY OF AMERICA, JAMES "BO" § E. GENTILE, JR., and DAVID ZOPHIN, § *Defendants*. § § | Civil Action No. 4:22-cv-00170 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #8).  Having considered the motion and relevant pleadings the Court finds the motion should be **DENIED**.

### BACKGROUND

Plaintiff BKL Holdings, Inc. d/b/a License Coach ("BKL") originally brought suit in the 429th Judicial District Court of Collin County, Texas on March 2, 2022, seeking recovery for breach of fiduciary duty, misappropriation of trade secrets, fraud, and conspiracy allegedly arising from commercial interactions between BKL and one or more of the Defendants (Dkt. #4).

Defendants Globe Life Inc., American Income Life Insurance Company, Liberty National Life Insurance Company, and Family Heritage Life Insurance Company of America (collectively, the "Globe Life Defendants"), removed the action to the undersigned Court on March 3, 2022 based on diversity jurisdiction under 18 U.S.C. § 1332 (Dkt. #1).

BKL is incorporated under the laws of the State of Louisiana and its principal place of business is located in Louisiana (Dkt. #4 ¶ 2).  Defendant Globe Life Inc. is a Delaware corporation

and has its principal place of business in Texas (Dkt. #4 ¶ 3). Defendant American Income Life Insurance Company is an Indiana corporation and has its principal place of business in Texas (Dkt. #4 ¶ 4). Defendant Liberty National Life Insurance Company is a Nebraska corporation and has its principal place of business in Texas (Dkt. #4 ¶ 5). Defendant Family Heritage Life Insurance Company of America is an Ohio corporation and has its principal place of business in Texas (Dkt. #4 ¶ 6). Finally, Defendants James "Bo" E. Gentile, Jr. and David Zophin are citizens of Texas (Dkt. #4 ¶¶ 7–8). BKL alleges damages in excess of $1,000,000 (Dkt. #4 ¶ 9). On the date the Globe Life Defendants removed, no Defendant had been served with the state court petition (Dkt. #1, Exhibit B).

BKL moved for remand on March 21, 2022 (Dkt. #8). Defendants responded on April 4, 2022 (Dkts. #12, 13). BKL replied on April 11, 2022 (Dkt. #14). Defendants filed their sur-replies on April 18, 2022 (Dkts. #16, 17).[1]

## LEGAL STANDARD

"Federal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Pidgeon v. Parker*, 46 F. Supp. 3d 692, 697 (S.D. Tex. 2014) ("These limits, based on respect both for other branches of government and for the state courts, must be respected."). "A defendant sued in state court may remove the suit to federal court so long as the federal tribunal would have had original jurisdiction over the action." *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021) (citing 28 U.S.C. § 1441(a)). As such, district courts are duty-bound "to ensure the existence

---

[1] Defendants James "Bo" E. Gentile, Jr., and David Zophin (collectively, the "Individual Defendants") join in the Globe Life Defendant's Response and Sur-Reply. Accordingly, unless otherwise specified, "Globe Life Defendants" refers collectively to all of the defendants in this suit. Similarly, the Court will refer to the corporate-defendants' response and reply brief (Dkt. ##12, 16) when discussing Defendants' arguments

of subject matter jurisdiction before reaching the merits of a case." *Small v. Zarvona Energy LLC*, No. CV H-20-1572, 2020 WL 2771188, at *1 (S.D. Tex. May 28, 2020); *see Humphrey v. Tex. Gas Serv.*, No. 1:14-cv-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) ("In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction."). "Courts 'must presume that a suit lies outside its limited jurisdiction,' and 'any ambiguities are construed against removal and in favor of remand to state court.'" *Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL 1061188, at *2 (E.D. Tex. Mar. 19, 2021) (brackets omitted) (first quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); and then quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)). "When considering a motion to remand, 'the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Humphrey*, 2014 WL 12687831, at *2 (brackets omitted) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

## ANALYSIS

Both sides agree that: (1) diversity exists and (2) BKL was unable to serve any Defendant prior to removal.[2] The core disagreement is over the applicability of the snap removal exception

---

[2] The snap removal analysis begins with a determination of whether complete diversity exists. *Beechum v. Anointed Touch, Inc.*, No. 6:21-CV-00370-JDK, 2022 WL 538968 (E.D. Tex. Jan. 18, 2022). Here, each defendant is diverse from the plaintiff. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393–94 (5th Cir. 2009). BKL is incorporated under the laws of the State of Louisiana and its principal place of business is located in Louisiana, thus it is a citizen of Louisiana. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). Defendant Globe Life Inc. is a Delaware corporation and has its principal place of business in Texas, thus it is a citizen of Delaware and Texas. *Id.* Defendant American Income Life Insurance Company is an Indiana corporation and has its principal place of business in Texas, thus it is a citizen of Indiana and Texas. *Id.* Defendant Liberty National Life Insurance Company is a Nebraska corporation and has its principal place of business in Texas, thus it is a citizen of Nebraska and Texas. *Id.* Defendant Family Heritage Life Insurance Company of America is an Ohio corporation and has its principal place of business in Texas, thus it is a citizen of Ohio and Texas. *Id.* Finally, Defendants James "Bo" E. Gentile, Jr. and David Zophin are citizens of Texas. *Id.* at 313–14. Thus, there is no jurisdictional defect under 28 U.S.C. § 1332(a).

to the forum defendant rule. BKL argues a forum defendant may not remove under the snap-removal exception. Rather, BKL argues only a non-forum defendant may remove, and to hold otherwise would be contrary to Congressional intent and promote gamesmanship (Dkt. #8). Defendants argue the Globe Life Defendants properly removed the action since BKL had not yet served any of the Defendants (Dkt. #12). Before addressing whether a forum defendant may utilize the snap removal exception, the Court starts with a brief background on the law giving rise to the snap removal exception.

A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought. 28 U.S.C. § 1441(a). In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule. The rule provides: "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Nonetheless, with every rule comes an exception. And for the forum-defendant rule, that exception is snap removal. Snap removal "allows a state court defendant to circumvent the forum-defendant rule by removing a case to federal court on diversity grounds almost immediately after a plaintiff files in state court but before the plaintiff formally serves the defendant." *Baker v. Bell Textron, Inc.*, No. 3:20-CV-292-X , 2021 WL 1377372, at *2 (N.D. Tex. April 12, 2021).

The Fifth Circuit considered snap removal for the first time in *Texas Brine Company, LLC v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020). By that point, the Second and Third Circuits had already considered the issue and held that the plain meaning of Section 1441 permitted snap removal where a forum defendant had not been "properly joined and served." *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706 (2d Cir. 2019); *Encompass Ins. Co.*

*v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018). The Sixth Circuit had also interpreted Section 1441(b)(2) to permit snap removal. *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

In *Texas Brine*, a Texas plaintiff sued two Louisiana defendants and a New York defendant in Louisiana state court. 955 F.3d at 484–85. Before the Louisiana defendants were served, the New York defendant removed the action to the Eastern District of Louisiana, citing the snap removal exception. *Id.* at 483, 485. On appeal, the Fifth Circuit joined the Second, Third, and Sixth Circuits and held 28 U.S.C. § 1441(b)(2) permitted snap removal. *Id.* at 485, 487; *see also Gibbons*, 919 F.3d 699; *Encompass*, 902 F.3d 147; *McCall*, 239 F.3d 808 (6th Cir. 2001). Because the statute applies only where the forum-defendant has been "properly served and joined," the Fifth Circuit held that the rule "is inapplicable until a home-state defendant has been served in accordance with state law." *Id.* at 486.

In deciding whether Section 1441's language permitted snap removal, the Fifth Circuit turned to a guiding principle of statutory construction: "[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language." *Id.* (quoting *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 438 (5th Cir. 2011) (quotation marks omitted). Reading the plain language of Section 1441(b)(2), the Fifth Circuit held that the forum-defendant rule would not apply where the forum defendant had not been "properly joined and served" at the time of removal. *Id.* The Fifth Circuit expressed its agreement with a comment from the Second Circuit: "'By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.'" *Id.* (quoting *Gibbons*, 919 F.3d at 705).

In *Texas Brine*, no home-state defendant had been "properly joined and served" at the time of removal. 955 F.3d at 486. Thus, removal was proper. *Id*. However, the Fifth Circuit also examined its decision for any absurdity. *Id.*

The Fifth Circuit held snap removal was not an absurd result of a plain reading of the statute. In *Gibbons*, the Second Circuit discussed why Congress likely incorporated the "properly joined and served" requirement:

> Congress may well have adopted the "properly joined and served" requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant."

919 F.3d at 706. Interpreting this language, the Fifth Circuit reasoned snap removal was not an absurd outcome under the statute because, "a reasonable person could intend the results of the plain language." *Tex. Brine*, 955 F.3d at 486. The Fifth Circuit noted the Third Circuit came to the same conclusion because "the interpretation gives meaning to each word and abides by the plain language." *Id.* at 486–87 (citing *Encompass*, 902 F.3d at 153). Thus, because the text of the statute is "unambiguous" and did not produce an absurd result, the Fifth Circuit held: "A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* at 486–87.

However, the Fifth Circuit's holding left a lingering question: may a forum defendant remove an action under the snap removal exception? Contrary to BKL's arguments, the Fifth Circuit's opinion in *Texas Brine* indicates a forum defendant may utilize the snap removal tool.

As the Fifth Circuit observed in *Texas Brine*, "[w]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language." *Id.* at 486 (brackets omitted). The Fifth Circuit added that "[t]he absurdity bar is high, as it should be," and "[t]he result must be preposterous." *Id.* Notably, the

6

Second and Third Circuit decisions embracing snap removal did so in the context of forum defendants removing the action. *Gibbons*, 919 F.3d at 704; *Encompass*, 902 F.3d at 150. The Fifth Circuit relied heavily on these decisions and their plain language reasoning when deciding *Texas Brine*. *See* 955 F.3d at 485–87. Considerations regarding the importance of giving effect to the plain language of the statute and the high bar for absurdity means the Fifth Circuit's adoption of snap removal applies even when forum defendants invoke the exception.

The Court's reading of *Texas Brine* finds support in decisions from other district courts in the Fifth Circuit. Interpreting *Texas Brine*, these courts have held a forum defendant may remove a case prior to service. *Mirman Grp. LLC v. Michaels Store Procurement Co., Inc.*, No. 3:20-CV-1804-D, 2020 WL 5645217, at *3 (collecting cases). "When strictly construed, § 1441(b)(2) permits snap removal by a forum defendant prior to service of the state petition." *Raven Capital Grp., LLC v. CH CRP 26 LLC*, No. SA-21-CV-00059-XR, 2021 WL 1432699, at *3 (W.D. Tex. Feb. 12, 2021); *see also Midwest Health Grp., LLC v. EDMS, Inc.*, No. 1:20-CV-853-LY, 2020 WL 6580446, at *3 (W.D. Tex. Nov. 10, 2020) ("Numerous district courts in this circuit have applied *Brine* to find that § 1441(b)(2) does not preclude snap removals by in-state defendants before they have been properly served.").

Ignoring this caselaw, BKL relies on *Beechum v. Anointed Touch, Inc.*, No. 6:21-CV-00370-JDK, 2022 WL 538968 (E.D. Tex. Jan. 18, 2022) (Dkt. #8 at p. 7). The Court is unsure why BKL considers *Beechum* helpful as it did not address whether snap removal by a forum defendant is permitted where diversity jurisdiction otherwise exists. 2022 WL 538968 at *2–3. Instead, *Beechum* dealt with whether the citizenship of an *unserved* defendant should be considered when determining diversity jurisdiction. *Id.* As for BKL's policy and congressional intent arguments, a sister court that also analyzed the issue of whether a forum defendant may

7

utilize the snap removal exception made a salient point: "[T]his Court is not in the business of reading Congress's mind, editing its legislation, or lobbying for preferred policy outcomes in contravention of what a duly enacted statute allows or requires." *Baker*, 2021 WL 1377372, at *5. BKL's arguments, therefore, are not persuasive on this Court.

Finally, the Globe Life Defendants argue this court should deny the motion for BKL's failure to meet and confer on the motion for remand ahead of its filing, in contravention of Local Rule 7(h) (Dkt. #12). Because the Court is already denying the motion on the merits, the Court need not consider this argument.

## CONCLUSION

It is therefore **ORDERED** Plaintiff's Motion to Remand (Dkt. #8) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 13th day of June, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE