IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BKL HOLDINGS, INC. D/B/A LICENSE COACH | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-00170-ALM |
| GLOBE LIFE INC.; AMERICAN INCOME LIFE INSURANCE COMPANY; LIBERTY NATIONAL LIFE INSURANCE COMPANY; FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA; JAMES "BO" E. GENTILE, JR.; AND DAVID ZOPHIN. | § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS JAMES E. GENTILE, JR. AND DAVID ZOPHIN'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendants James E. Gentile, Jr. ("Gentile") and David Zophin ("Zophin" and together with Gentile, the "Individual Defendants") hereby file their answer and affirmative defenses to the Original Petition ("Petition") (Dkt. 4) filed by Plaintiff BKL Holdings, Inc. d/b/a License Coach's ("License Coach" or "Plaintiff"). Unless otherwise admitted, all allegations requiring a response are denied.

**ORIGINAL ANSWER**

**Discovery Control Plan**

1. Paragraph 1 is an identification of the discovery level required by the Texas Rules of Civil Procedure. As the Petition has been removed to federal court, this paragraph is irrelevant and inapplicable. Individual Defendants deny that Plaintiff is entitled to discovery under the Texas Rules of Civil Procedure.

## The Parties

2. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 2, and therefore deny the same.

3. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 3, and therefore deny the same.

4. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 4, and therefore deny the same.

5. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 5, and therefore deny the same.

6. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 6, and therefore deny the same.

7. Defendant Zophin lacks sufficient information to admit or deny the allegations in Paragraph 7, and therefore denies the same. Defendant Gentile admits that his residential address is correctly stated in Paragraph 7. Defendant Gentile denies the remainder of the allegations in Paragraph 7.

8. Defendant Gentile lacks sufficient information to admit or deny the allegations in Paragraph 8, and therefore denies the same. Defendant Zophin admits the allegations in Paragraph 8.

## Statement of Claim

9. Individual Defendants admit that Plaintiff "seeks recovery of economic damages of more than $1,000,000.00" but deny that Plaintiff is entitled to any of the relief it requests in Paragraph 9.

## Jurisdiction and Venue

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is necessary, Individual Defendants admit that this matter was properly removed to the U.S. District Court for the Eastern District of Texas, which has jurisdiction over this action.

11. Paragraph 11 contains legal conclusions and argument to which no response is required. To the extent a response is required, Individual Defendants admit that venue is proper in this Court, but deny the factual allegations in Paragraph 11.

### Statement of Facts

12. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 12, and therefore deny the same.

13. Individual Defendants admit that individuals wishing to sell life and/or health insurance products must be licensed in the state where they plan to do business. Individual Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 13, and therefore deny the same.

14. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 14, and therefore deny the same.

15. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 15, and therefore deny the same.

16. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 16, and therefore deny the same.

17. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 17, and therefore deny the same.

18. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 18, and therefore deny the same.

19. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 19, and therefore deny the same.

20. Defendant Zophin lacks sufficient information to admit or deny the allegations in Paragraph 20, and therefore denies the same. Defendant Gentile lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 20, and therefore denies the same. Defendant Gentile denies the allegations in the second sentence of Paragraph 20.

21. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 21, and therefore deny the same.

22. Defendant Zophin lacks sufficient information to admit or deny the allegations in Paragraph 22, and therefore denies the same. Defendant Gentile denies the allegations in Paragraph 22.

23. Defendant Zophin lacks sufficient information to admit or deny the allegations in Paragraph 23, and therefore denies the same. Defendant Gentile denies the allegations in Paragraph 23.

24. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 24, and therefore deny the same.

25. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 25, and therefore deny the same.

26. Defendant Zophin lacks sufficient information to admit or deny the allegations in Paragraph 26, and therefore denies the same. Defendant Gentile denies the allegations in Paragraph 26.

27. Individual Defendants deny the allegations contained in the first sentence of Paragraph 27. Individual Defendants lack sufficient information to admit or deny the remainder

of the allegations in Paragraph 27, and therefore deny the same.

28. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 28, and therefore deny the same.

29. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 29, and therefore deny the same.

30. Individual Defendants deny the allegations in Paragraph 30.

31. Individual Defendants admit that Torchmark Corporation was renamed Globe Life Inc., effective on or about August 8, 2019.

32. Individual Defendants deny the allegations in Paragraph 32.

33. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 33, and therefore deny the same.

34. Individual Defendants deny that any "bribes" or "kickbacks" were paid to personally enrich them. Individual Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 34, and therefore deny the same.

35. Individual Defendants deny that "Globe Life selected Xcel Testing as its preferred pre-licensing training and testing provider." Individual Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 35, and therefore deny the same.

36. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 36, and therefore deny the same.

37. Individual Defendants deny the allegations in Paragraph 37.

38. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 38, and therefore deny the same.

39. Individual Defendants deny the allegations in Paragraph 39.

40. Individual Defendants lack sufficient information to admit or deny the allegations in Paragraph 40, and therefore deny the same.

41. The allegations in Paragraph 41 contain a legal conclusion and argument which do not require a response. To the extent that a response is required, Individual Defendants deny the allegations in Paragraph 41.

### First Cause of Action
#### *Breach of Fiduciary Duty*

42. The Court has dismissed this cause of action pursuant to its Memorandum Opinion and Order dated March 9, 2023 (Dkt. 29); however, to the extent a response is required, Individual Defendants adopt and incorporate their responses set forth in Paragraphs 1-41 above.

43. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 43.

44. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 44.

45. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 45.

46. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 46.

47. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the

allegations in Paragraph 47.

## Second Cause of Action
### *Misappropriation and Violations of Texas Uniform Trade Secrets Act Ch. 134A Tex. Civ. Prac. Rem. C. ("TUTSA")* **(All Defendants)**

48. Individual Defendants adopt and incorporate their responses set forth in Paragraphs 1-47 above.

49. Paragraph 49 contains legal conclusions and argument to which no response is required. To the extent Paragraph 49 contains factual allegations, Individual Defendants deny such allegations.

50. Individual Defendants deny the allegations in Paragraph 50.

51. Individual Defendants deny the allegations in Paragraph 51.

52. Individual Defendants deny the allegations in Paragraph 52.

53. Individual Defendants deny the allegations in Paragraph 53.

54. Individual Defendants deny the allegations in Paragraph 54, including all subsections.

55. Individual Defendants deny the allegations in Paragraph 55.

56. Individual Defendants deny the allegations in Paragraph 56.

57. Individual Defendants deny the allegations in Paragraph 57.

## Third Cause of Action
### *Fraud*

58. The Court has dismissed this cause of action pursuant to its Memorandum Opinion and Order dated March 9, 2023 (Dkt. 29); however, to the extent a response is required, Individual Defendants adopt and incorporate their responses set forth in Paragraphs 1-57 above.

59. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the

allegations in Paragraph 59.

60. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 60.

61. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 61.

62. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 62.

63. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 63.

64. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 64.

### Fourth Cause of Action
### *Conspiracy*

65. The Court has dismissed this cause of action pursuant to its Memorandum Opinion and Order dated March 9, 2023 (Dkt. 29); however, to the extent a response is required, Individual Defendants adopt and incorporate their responses set forth in Paragraphs 1-64 above.

66. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 66.

67. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 67.

68. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 68.

69. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, Individual Defendants deny the allegations in Paragraph 69.

## Attorneys' Fees

70. Individual Defendants adopt and incorporate their responses set forth in Paragraphs 1-69 above.

71. Individual Defendants deny the allegations in Paragraph 71.

72. Individual Defendants deny the allegations in Paragraph 72.

## Request for Relief

Individual Defendants deny each and every allegation in Plaintiff's request for relief, including all subsections. Individual Defendants specifically deny they are liable to Plaintiff under any theory of recovery and deny Plaintiff is entitled to damages from them. Individual Defendants deny that Plaintiff is liable to alleged actual damages, statutory damages, reasonably royalty, disgorgement damages, exemplary damages, attorneys' fees, costs of court, prejudgment or post judgment interest, or any other or further relief.

## **AFFIRMATIVE DEFENSES**

Individual Defendants plead the following separate and distinct affirmative defenses without conceding that Individual Defendants bear the burden of proof as to any of these issues. Individual Defendants reserve the right to amend their Answer and Affirmative Defenses and assert additional affirmative defenses as they become apparent through subsequent investigation and discovery.

1. Plaintiff's Petition, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's sole remaining claim, Misappropriation and Violations of Texas Uniform Trade Secrets Act, is barred by the applicable statutes of limitations.

3. Plaintiff's sole remaining claim, Misappropriation and Violations of Texas Uniform Trade Secrets Act, is barred by assumption of risk.

4. Plaintiff's requested relief is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

5. Plaintiff's damages, if any, were caused by acts and/or omissions of Plaintiff or third persons not under the control of Individual Defendant. Such acts or omissions of Plaintiff or said third persons may have been the sole and/or producing and/or proximate cause of Plaintiff's alleged damages, if any.

6. To the extent other parties not named in this matter are responsible for any alleged claims or damages, Plaintiff's claims against Individual Defendants are barred for failure to join all necessary and indispensable parties.

7. Plaintiff's claims are barred, released, waived, or otherwise precluded in whole or in part by the doctrine of unclean hands.

8. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

9. Plaintiff's allegations are barred in whole or in part by the doctrine of laches.

10. Plaintiff's claims are barred by estoppel, equitable estoppel, and quasi-estoppel.

11. Plaintiff's claims are barred because Plaintiff failed to take reasonable measures to keep the alleged trade secret material, to the extent any exists, confidential.

12. Plaintiff's claims are barred because the alleged trade secret material, to the extent any exists, is readily ascertainable by lawful means and/or through publicly available sources.

13. Plaintiff's claims are barred because the alleged trade secret material, to the extent any exists, is generally known to one skilled in the trade and thus, is not confidential or a trade secret.

14. Plaintiff's claims are barred because, to the extent Individual Defendants possessed Plaintiff's alleged trade secret material, which is expressly denied, such confidential or trade secret material was lawfully acquired.

15. Plaintiff's claims are barred because, to the extent Individual Defendants possessed Plaintiff's alleged trade secret material, which is expressly denied, Individual Defendants did not use or disclose any such confidential or trade secret material for their own benefit or for the benefit of any third party.

16. Plaintiff's claims for damages are barred because the alleged damages, if any, are speculative and uncertain.

Having answered and fully responded to the allegations in Plaintiff's Petition, Individual Defendants respectfully request:

    a. that Plaintiff take nothing by its Petition;

    b. that Individual Defendants be discharged from this action without liability;

  c. that the Court award Individual Defendants all costs, including attorneys' fees, of this action; and

  d. that this Court grant Individual Defendants all other relief, at law or equity, to which they may be entitled.

Dated: March 23, 2023     Respectfully Submitted,

            */s/ Ann Marie Arcadi*
            Ann Marie Arcadi
            State Bar No. 00786994
            annmarie.arcadi@arcadijackson.com
            Seema Tendolkar
            State Bar No. 24053509
            seema.tendolkar@arcadijackson.com
            John M. Farrell
            State Bar No. 24059735
            john.farrell@arcadijackson.com

            ARCADI JACKSON, LLP
            2911 Turtle Creek Blvd., Suite 800
            Dallas, Texas 75219
            Telephone: 214-865-6458
            Facsimile: 214-865-6522

            *Attorneys for Defendants James Gentile, Jr.*
            *and David Zophin*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the **23rd** day of March, 2023, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

            */s/ Ann Marie Arcadi*
            Ann Marie Arcadi