# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| BKL HOLDINGS, INC. D/B/A LICENSE COACH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GLOBE LIFE INC.; AMERICAN INCOME LIFE INSURANCE COMPANY; LIBERTY NATIONAL LIFE INSURANCE COMPANY; FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA; JAMES "BO" E. GENTILE, JR.; and DAVID ZOPHIN,<br><br>　　　　Defendants. | Civil Action No. 4:22-cv-00170-ALM |

## THE CORPORATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Globe Life Inc., American Income Life Insurance Company, Liberty National Life Insurance Company, and Family Heritage Life Insurance Company of America (collectively, the "Corporate Defendants") hereby answer the Original Petition (Dkt. 4) filed by BKL Holdings, Inc. doing business as License Coach ("License Coach" or "Plaintiff"). Unless otherwise admitted, all allegations requiring a response are denied.

## DISCOVERY CONTROL PLAN

1.　The Corporate Defendants deny that Plaintiff is entitled to discovery under the Texas Rules of Civil Procedure.

## THE PARTIES

2. The Corporate Defendants admit that License Coach is a Louisiana corporation. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 2 and therefore deny the same.

3. The Corporate Defendants admit that Globe Life Inc. is a Delaware corporation with its principal place of business in McKinney, Texas, which may be served through its registered agent C T Corporation System located at 1999 Bryan St., Suite 900, Dallas, Texas 75201. The Corporate Defendants further admit that Globe Life Inc. changed its name from Torchmark Corporation on or around August 8, 2019. The Corporate Defendants deny that Globe Life Inc. is registered with the Texas Department of Insurance.

4. The Corporate Defendants admit that American Income Life Insurance Company is an Indiana corporation authorized by the Texas Department of Insurance to transact business in Texas. The Corporate Defendants further admit that Joel Scarborough has been designated with the Texas Department of Insurance to accept service on behalf of American Life Insurance Company at 1200 Wooded Acres Drive, Waco, McLennan County, Texas 76799. The Corporate Defendants further admit that American Income Life Insurance Company is a wholly owned subsidiary of Globe Life Inc. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 4 and therefore deny the same.

5. The Corporate Defendants admit that Liberty National Life Insurance Company is a Nebraska corporation authorized by the Texas Department of Insurance to transact business in Texas. The Corporate Defendants further admit that Michael R. Perkins has been designated with the Texas Department of Insurance to accept service on behalf of Liberty National Life Insurance

Company at 900 Congress Avenue, Suite 300, Austin, Travis County, Texas 78701. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 5 and therefore deny the same.

6. The Corporate Defendants admit that Family Heritage Life Insurance Company is an Ohio corporation authorized by the Texas Department of Insurance to transact business in Texas. The Corporate Defendants further admit that C T Corporation System has been designated with the Texas Department of Insurance to accept service on behalf of Family Heritage Life Insurance Company at 1999 Bryan St. Suite 900, Dallas, Texas 75071. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 6 and therefore deny the same.

7. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 7 and therefore deny the same. The Corporate Defendants deny the remaining allegations in Paragraph 7.

8. The Corporate Defendants admit only that David Zophin is an individual who currently serves as President of American Income Life Insurance Company. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 8 and therefore deny the same.

## STATEMENT OF THE CLAIM

9. The Corporate Defendants admit only that Plaintiff is seeking economic damages of more than $1,000,000.00. The Corporate Defendants deny Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is necessary, the Corporate Defendants admit that Defendants properly removed this action to the United States District Court for the Eastern District of Texas, which has jurisdiction over the above-captioned matter.

11. Paragraph 11 contains legal conclusions and argument to which no response is required. To the extent a response is required, the Corporate Defendants admit that venue is proper in this Court, but deny the factual allegations in Paragraph 11.

## STATEMENT OF FACTS

12. The Corporate Defendants admit that Globe Life is a holding company for certain insurance companies, including but not limited to American Income Life Insurance Company, Liberty National Life Insurance Company, and Family Heritage Life Insurance Company of America. The Corporate Defendants further admit that Globe Life and Accident, American Income Life Insurance Company, Liberty National Life Insurance Company, United American, and Family Heritage Life Insurance Company of America are subsidiaries of Globe Life Inc. The remaining allegations in Paragraph 12 are denied.

13. The Corporate Defendants admit that individual sales agents, acting as independent contractors, must be separately licensed by all states in which they intend to conduct business. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 13 and therefore deny the same.

14. The Corporate Defendants admit that American Income Life Insurance Company, Liberty National Life Insurance Company, and Family Heritage Life Insurance Company of America contract with independent contractor sales agents, some of whom are referred to as

4

supervising agents, general agents, Master General Agents, or State General Agents. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 14 and therefore deny the same.

15. The Corporate Defendants deny the allegations in Paragraph 15.

16. The Corporate Defendants deny that License Coach was an approved pre-licensing vendor for Torchmark Corporation. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 16 and therefore deny the same.

17. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 17 and therefore deny the same.

18. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 18 and therefore deny the same.

19. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 19 and therefore deny the same.

20. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 20 and therefore deny the same. The Corporate Defendants deny the remaining allegations in Paragraph 20.

21. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 21 and therefore deny the same.

22. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 22 and therefore deny the same.

23. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 23 and therefore deny the same.

24. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 24 and therefore deny the same.

25. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 25 and therefore deny the same.

26. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 26 and therefore deny the same.

27. The Corporate Defendants deny the allegations in the first sentence of Paragraph 27. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 27 and therefore deny the same.

28. The Corporate Defendants deny the allegations in Paragraph 28.

29. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 29 and therefore deny the same.

30. The Corporate Defendants deny the allegations in Paragraph 30.

31. The Corporate Defendants admit that Torchmark Corporation was renamed Globe Life Inc., effective on or about August 8, 2019.

32. The Corporate Defendants deny the allegations in Paragraph 32.

33. The Corporate Defendants deny the allegations in Paragraph 33 regarding the Corporate Defendants. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 33 and therefore deny the same.

34. The Corporate Defendants deny the allegations in Paragraph 34.

35. The Corporate Defendants deny the allegations in Paragraph 35.

36. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 36 and therefore deny the same.

37. The Corporate Defendants deny the allegations in Paragraph 37.

38. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 38 and therefore deny the same.

39. The Corporate Defendants deny the allegations in Paragraph 39.

40. The Corporate Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 40 and therefore deny the same.

41. Paragraph 41 contains legal conclusions and argument to which no response is required. To the extent Paragraph 41 contains factual allegations, the Corporate Defendants deny such allegations.

## FIRST CAUSE OF ACTION
### *Breach of Fiduciary Duty*

42. Paragraph 42 contains a conclusory statement to which no response is required. To the extent necessary, the Corporate Defendants incorporate the preceding responses to all paragraphs as if fully set forth herein.

43. Because this cause of action has been dismissed with prejudice (Dkt. 29), no response is required. To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 43.

44. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 44.

45. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 45.

46. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 46.

47. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 47.

## SECOND CAUSE OF ACTION
*Misappropriation and Violations of Texas Uniform Trade Secrets Act*
*Ch. 134A Tex. Civ. Prac. Rem. C. ("TUTSA")*

48. Paragraph 48 contains a conclusory statement to which no response is required. To the extent necessary, the Corporate Defendants incorporate the preceding responses to all paragraphs as if fully set forth herein.

49. Paragraph 49 contains legal conclusions and argument to which no response is required. To the extent Paragraph 49 contains factual allegations, the Corporate Defendants deny such allegations.

50. The Corporate Defendants deny the allegations in Paragraph 50.

51. The Corporate Defendants deny the allegations in Paragraph 51.

52. The Corporate Defendants deny the allegations in Paragraph 52.

53. The Corporate Defendants deny the allegations in Paragraph 53.

54. The Corporate Defendants deny the allegations in Paragraph 54.

55. The Corporate Defendants deny the allegations in Paragraph 55.

56. The Corporate Defendants deny the allegations in Paragraph 56.

57. The Corporate Defendants deny the allegations in Paragraph 57.

## THIRD CAUSE OF ACTION
*Fraud*

58. Paragraph 58 contains a conclusory statement to which no response is required. To the extent necessary, the Corporate Defendants incorporate the preceding responses to all paragraphs as if fully set forth herein.

59. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 59.

60. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 60.

61. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 61.

62. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 62.

63. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 63.

64. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 64.

## FOURTH CAUSE OF ACTION
*Conspiracy*

65. Paragraph 65 contains a conclusory statement to which no response is required. To the extent necessary, the Corporate Defendants incorporate the preceding responses to all paragraphs as if fully set forth herein.

66. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 66.

67. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 67.

68. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 68.

69. No response is required because this cause of action has been dismissed with prejudice. (Dkt. 29.) To the extent a response is required, the Corporate Defendants deny the allegations in Paragraph 69.

## ATTORNEYS FEES

70. Paragraph 70 contains a conclusory statement to which no response is required. To the extent necessary, the Corporate Defendants incorporate the preceding responses to all paragraphs as if fully set forth herein.

71. The Corporate Defendants deny the allegations in Paragraph 71.

72. The Corporate Defendants deny the allegations in Paragraph 72.

## PLAINTIFF'S REQUEST FOR RELIEF

Responding to Plaintiff's unnumbered paragraph requesting relief, the Corporate Defendants deny that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

The Corporate Defendants plead the following separate and distinct affirmative defenses without conceding that the Corporate Defendants bear the burden of proof as to any of these issues. The Corporate Defendants reserve the right to assert additional affirmative defenses or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in Plaintiff's Original Petition.

### FIRST AFFIRMATIVE DEFENSE
*(Failure to State a Claim)*

1. Plaintiff's allegations fail to state a claim against the Corporate Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
*(Statute of Limitations)*

2. Plaintiff's claims are barred or otherwise precluded in whole or in part by the applicable statutes of limitations, including but not limited to Tex. Civ. Prac. & Rem. Code § 16.010(a).

### THIRD AFFIRMATIVE DEFENSE
*(Unclean Hands)*

3. Plaintiff's claims are barred, released, waived, or otherwise precluded in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
*(Waiver)*

4. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
*(Laches)*

5. Plaintiff's allegations are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
*(Estoppel)*

6. Plaintiff's claims are barred by estoppel, equitable estoppel, and quasi-estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
*(Failure to Mitigate)*

7. Plaintiff's claims are barred or reduced by the defenses of setoff, offset, recoupment, and failure to mitigate.

### EIGHTH AFFIRMATIVE DEFENSE
*(Failure to Take Reasonable Measures)*

8. Plaintiff's claims are barred because Plaintiff failed to take reasonable measures to keep the alleged trade secret material, to the extent any exists, confidential.

### NINTH AFFIRMATIVE DEFENSE
*(Not a Trade Secret - Readily Ascertainable)*

9. Plaintiff's claims are barred because the alleged trade secret material, to the extent any exists, is readily ascertainable by lawful means and/or through publicly available sources.

### TENTH AFFIRMATIVE DEFENSE
*(Not a Trade Secret - Generally Known in the Trade)*

10. Plaintiff's claims are barred because the alleged trade secret material, to the extent any exists, is generally known to one skilled in the trade and thus, is not confidential or a trade secret.

### ELEVENTH AFFIRMATIVE DEFENSE
*(Lawful Acquisition)*

11. Plaintiff's claims are barred because, to the extent the Corporate Defendants possessed Plaintiff's alleged trade secret material, which is expressly denied, such confidential or trade secret material was lawfully acquired.

### TWELFTH AFFIRMATIVE DEFENSE
*(No Use or Disclosure)*

12. Plaintiff's claims are barred because, to the extent the Corporate Defendants possessed Plaintiff's alleged trade secret material, which is expressly denied, the Corporate Defendants did not use or disclose any such confidential or trade secret material for their own benefit or for the benefit of any third party.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (*Speculative Damages*)

13. Plaintiff's claims for damages are barred because the alleged damages, if any, are speculative and uncertain.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (*Failure to Join Party*)

14. To the extent other parties not named in the case are responsible for any alleged claims or damages, Plaintiff's claims against the Corporate Defendants are barred for failure to join all necessary and indispensable parties.

Dated: March 23, 2023
Respectfully submitted,

KING & SPALDING LLP

*/s/ Jeffrey Hammer*
Albert Giang *(Pro Hac Vice)*
Jeffrey Hammer *(Pro Hac Vice)*
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4326
Facsimile: (512)457-2100
agiang@kslaw.com
jhammer@kslaw.com

**-and-**

Adam L. Gray
Texas Bar No. 24087616
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Telephone: (512) 457-2000
Facsimile: (512)457-2100
agray@kslaw.com

**-and-**

Mandie M. Cash
Texas Bar No. 24097471
1100 Louisiana Street, Suite 4100
Houston, TX 77002

14

Telephone: (713) 751-3200
Facsimile: (713) 751-3500
mcash@kslaw.com

***Counsel for Defendants Globe Life Inc.,
American Income Life Insurance Company,
Liberty National Life Insurance Company, and
Family Heritage Life Insurance Company of
America***

## CERTIFICATE OF SERVICE

    I certify that on March 23, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

                                                  */s/ Jeffrey Hammer*