IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BKL HOLDINGS, INC. D/B/A LICENSE COACH | § § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:22-cv-00170-ALM |
| GLOBE LIFE INC.; AMERICAN INCOME LIFE INSURANCE COMPANY; LIBERTY NATIONAL LIFE INSURANCE COMPANY; FAMILY HERITAGE LIFE INSURANCE COMPANY OF AMERICA; JAMES "BO" E. GENTILE, JR.; AND DAVID ZOPHIN. | § § § § § § § § § § § | |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B) AND BRIEF IN SUPPORT**

## MOTION

Defendants American Income Life Insurance Company, Liberty National Life Insurance Company, Family Heritage Life Insurance Company of America, Globe Life Inc., James "Bo" E. Gentile, Jr., and David Zophin (collectively, the "Defendants") hereby respectfully move this Court to dismiss this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with an Order of this Court. This Motion is supported by the Brief in Support below.

## BRIEF IN SUPPORT

**A.     Facts**

Plaintiff BKL Holdings, Inc. d/b/a License Coach ("Plaintiff") is a corporation based in Louisiana but filed this action in Texas state court on March 2, 2022, asserting claims for (1) misappropriation of trade secrets, (2) fraud, (3) breach of fiduciary duty, and (4) conspiracy against Defendants. (Dkt. 1, 1-3) At the outset of its lawsuit, Plaintiff was represented by two different law firms: Fee, Smith, Sharp & Vitullo LLP and Friedman & Fieger LLP. (*Id.*)

Defendants promptly removed this action to federal court. (Dkt. 1, 3) Plaintiff subsequently moved to remand this action, which motion was denied. (Dkt. 8, 20) Plaintiff's first firm (Fee, Smith, Sharp & Vitullo LLP) file a motion to withdraw as counsel on June 3, 2022, which motion was granted on June 17, 2022. (Dkt. 19, 21)

On June 27, 2022, Defendants moved to dismiss all claims pursuant to Rule 12(b)(6). (Dkt. 22, 23) On March 9, 2023, this Court granted in part and denied in part Defendants' motion to dismiss, dismissing with prejudice all claims other than misappropriation of trade secrets. (Dkt. 29) On March 15, 2023, Plaintiff and Defendants jointly submitted a Stipulated Proposed Schedule of Deadlines, including deadlines for a Rule 26(f) conference, initial disclosures, and

submission of a joint report of attorney conference, which deadlines were set for April and May 2023. (Dkt. 30)

Shortly thereafter, on April 7, 2023, Plaintiff's second counsel, attorney Richard Winn and the law firm of Friedman & Feiger, LLP, filed an unopposed motion to withdraw. (Dkt. 33) In their motion to withdraw, Plaintiff's then-counsel stated they had "contacted License Coach several weeks [prior to April 7] as to Movants' intention to withdraw and whether License Coach agrees to this withdrawal. License Coach does not oppose this Motion." (Dkt. 33, ¶ 3) Plaintiff's then-counsel also noted they had "been informed that License Coach intends to engage other counsel." (*Id.*) Plaintiff's then-counsel filed a Certificate of Last Known Address for Plaintiff on May 2, 2023. (Dkt. 35)

On May 8, 2023, Brad LeBlanc, claiming to write on behalf of Plaintiff, filed a letter with this Court requesting an extension of time of 90 days for the submission of initial disclosures and the Joint Report, claiming his attorneys "unexpectedly withdrew from the case" "leaving [him] on short notice to hire appropriate counsel." (Dkt. 36) In that letter, Mr. LeBlanc stated that he was "in the process of hiring a major national firm" to represent Plaintiff in this matter. (*Id.*) (emphasis added).

On May 11, 2023, this Court granted the motion to withdraw filed by attorney Winn and Friedman & Feiger, LLP. (Dkt. 37) The Court warned Plaintiff that "[a] corporation cannot appear in federal court unless represented by a licensed attorney…therefore, BKL Holdings, Inc. d/b/a License must retain its own counsel in order to assert claims in this court." (Dkt. 37) The Court ordered that Plaintiff "shall have thirty (30) days to obtain counsel and for counsel to make an appearance in this case." (*Id.*) (emphasis added). Despite receiving this notice (*see* Dkt. 38), Plaintiff did not comply with the Court's Order.

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B) AND BRIEF IN SUPPORT** – Page 2

On June 7, 2023, Brad LeBlanc, claiming to write on behalf of Plaintiff, requested an additional 30 days to comply with the Court's Order. (Dkt. 39) Specifically, Mr. LeBlanc again stated that Plaintiff's "attorneys unexpectedly withdrew from the case, leaving [Plaintiff] short notice to hire appropriate counsel" and Plaintiff was "in the process of hiring a major national firm but need[s] more time." (Dkt. 39) (emphasis added).

Now, more than three months after Plaintiff's counsel moved to withdraw (which motion was filed after Plaintiff's counsel had provided "several weeks" notice to Plaintiff of their intention to withdraw), no counsel has made an appearance in this matter on behalf of Plaintiff. Plaintiff has failed to comply with this Court's May 11, 2023 Order. (Dkt. 37) Plaintiff has done nothing to prosecute its sole remaining claim since the Court's Order on Defendants' motion to dismiss dated March 9, 2023. (Dkt. 29)

Plaintiff's non-compliance despite having ample opportunity—and more generally, Plaintiff's lack of diligence and prosecution of this action—counsel against keeping this action open on the Court's docket and hanging over Defendants. Accordingly, Defendants respectfully request that this lawsuit be dismissed.

**B.** **Legal Standard**

Pursuant to Rule 41(b), a Court may dismiss an action for failure to comply with a court order or for want of prosecution. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). "A court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Danini v. Global Television Network, Inc.,* Civil No. 2:16–cv-00522, 2017 WL 4158809, *2 (S.D. Tex. Sept. 18, 2017) (citing *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985); *Link v. Wabash R. Co.,*

370 U.S. 626 (1962)). Such a dismissal may be either with or without prejudice. *Danini,* 2017 WL 4158809, *2 (*citing Long v. Simmons,* 77 F.3d 878, 879–80 (5th Cir. 1996)).

To dismiss an action with prejudice under Rule 41(b), there must be a "showing of a clear record of delay ... by the plaintiff, ... where lesser sanctions would not serve the best interest of justice." *Salinas v. Sun Oil Co.,* 819 F.2d 105, 106 (5th Cir. 1987) (internal citations and quotations omitted); *Dorsey v. Scott Wetzel Servs., Inc.,* 84 F.3d 170, 171 (5th Cir. 1996). Additionally, one of the following factors should also be present: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Danini,* 2017 WL 4158809, *2.

### C. <u>Analysis</u>

Here, dismissal without prejudice is unquestionably appropriate under Rule 41(b) for want of prosecution and for failure to comply with a court order. Plaintiff, as a corporation, cannot appear in this Court without counsel. *Perry v. Texas,* 2023 WL 2536007, *1 (E.D. Tex. Jan. 23, 2023). Indeed, Plaintiff was represented by <u>two</u> separate law firms at the outset of its lawsuit. Plaintiff had notice that its first firm withdrew back in June 2022, and that its second firm withdrew several weeks prior to April 2023.

Plaintiff was specifically warned by this Court that it "must retain its own counsel in order to assert claims in this court." (Dkt. 37) Plaintiff failed to comply with this Court's May 11, 2023 Order requiring counsel to appear within 30 days. (Dkt. 37) Indeed, more than 60 days have passed and no counsel has made an appearance. This is plainly sufficient for dismissal without prejudice under Rule 41(b). *See, e.g., Agency for Multi-Media, Communications, Inc. v. City of Garland,*

1996 WL 722079, *1 (N.D. Tex. Dec. 9, 1996) (dismissing case without prejudice where "Corporate Plaintiff's attorney withdrew over two months ago").[1]

Dismissal with prejudice is also appropriate under Rule 41(b). Plaintiff does not have counsel and has failed to obey this Court's order. The present delay has been caused by Plaintiff alone, and not Plaintiff's attorney. Plaintiff was aware "several weeks" prior to April 7, 2023 that Plaintiff's then-counsel intended to withdraw from this matter. (Dkt. 33, ¶ 3) (emphasis added) On May 8, 2023, Mr. LeBlanc, claiming to write on behalf of Plaintiff, informed this Court that Plaintiff was "in the process" of hiring counsel and requested a 90-day extension of time to comply with deadlines. (Dkt. 36) (emphasis added). The Court's May 11, 2023 Order required Plaintiff to obtain counsel and for counsel to make an appearance within 30 days. (Dkt. 37) Plaintiff did not comply with this Order. Instead, on June 7, 2023, Mr. LeBlanc, again claiming to write on behalf of Plaintiff, requested an additional 30 days to comply, which has long passed. (Dkt. 39) This demonstrates a clear record of non-compliance and delay caused by Plaintiff, and not Plaintiff's attorney, as well as intentional conduct on the part of Plaintiff. *Danini,* 2017 WL 4158809, *2 ("Presently, more than a week after the September 11, 2017, deadline and after the Court struck Moreno's letter, Plaintiffs have still not communicated with the Court. The Court finds Plaintiffs' failure to communicate with the Court inexcusable.").

Lesser sanctions would be futile and would not serve the best interest of justice. As the Southern District of Texas stated in *Danini*, "Plaintiffs' non-action has brought this case to a standstill and reflects not only a failure to prosecute the case, but also a lack of intent to prosecute the case. Plaintiffs' non-action unacceptably clogs the docket, subverts the court's efficiency, and

---

[1] Defendants note that Plaintiff's misappropriation of trade secrets claim may or may not be time-barred after a dismissal without prejudice. Defendants previously argued this claim was time-barred, which argument the Court held was "premature." (Dkt. 29 at 12-13) Regardless, as set forth herein, dismissal is appropriate even under a dismissal with prejudice analysis. *See generally Danini,* 2017 WL 4158809.

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B) AND BRIEF IN SUPPORT** – Page 5

unnecessarily wastes judicial resources." 2017 WL 4158809, *3 (citations omitted). This Court's inherent power to manage its docket "so as to achieve the orderly and expeditious disposition of cases" includes the power to dismiss a case, including dismissal as a sanction for failure to obey court orders. *Id.* "It would be unfair to permit the uncertainty surrounding a plaintiff's suit to keep a defendant in perpetual anticipation of the date that the case may proceed forward." *Danini*, 2017 WL 4158809, *3 (dismissing case, including potentially time-barred claims, where plaintiff's delay was slightly over one month).

### D.  Conclusion

For the reasons set forth above, Defendants respectfully request that this action be dismissed with prejudice, or in the alternative, without prejudice, pursuant to Rule 41(b). Defendants also request all such other and further relief to which they may be entitled.

*[Signatures to Follow]*

Dated: July 20, 2023

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| ARCADI JACKSON LLP | KING & SPALDING LLP |
| <u>*/s/Ann Marie Arcadi*</u> | <u>*/s/Jeffrey Hammer*</u> |
| Ann Marie Arcadi | Albert Giang (Pro Hac Vice) |
| State Bar No. 00786994 | Jeffrey Hammer (Pro Hac Vice) |
| Seema Tendolkar | 633 West Fifth Street, Suite 1600 |
| State Bar No. 24053509 | Los Angeles, CA 90071 |
| John M. Farrell | Telephone: (213) 443-4326 |
| State Bar No. 24059735 | Facsimile: (512) 457-2100 |
| annmarie.arcadi@arcadijackson.com | agiang@kslaw.com |
| seema.tendolkar@arcadijackson.com | jhammer@kslaw.com |
| john.farrell@arcadijackson.com | |
| | Mandie M. Cash |
| 2911 Turtle Creek Blvd., Suite 800 | State Bar No. 24097471 |
| Dallas, Texas 75219 | 1100 Louisiana Street, Suite 4100 |
| Telephone: 214-865-6458 | Houston, TX 77002 |
| Facsimile: 214-865-6522 | Telephone: (713) 751-3200 |
| | Facsimile: (713) 751-3500 |
| *Attorneys for Defendants James "Bo" Gentile, Jr. and David Zophin* | mcash@kslaw.com |
| | *Attorneys for Defendants Globe Life Inc., American Income Life Insurance Company, Liberty National Life Insurance Company, and Family Heritage Life Insurance Company of America* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 20<u>th</u> day of July, 2023 I caused a copy of the above and foregoing to be filed with the Clerk of Court using the CM/ECF system.

I additionally hereby certify that on this 20<u>th</u> day of July, 2023 I caused a copy of the above and foregoing to be sent via certified mail, return receipt requested, to the following address for Plaintiff as set forth in the Certificate of Last Known Address for Plaintiff BKL Holdings, Inc. d/b/a License Coach filed by Plaintiff's former counsel (Dkt. 35):

> BKL Holdings, Inc. d/b/a License Coach
> c/o Brad K. LeBlanc
> 930 Tahoe Blvd. Suite 802-112
> Incline Village, Nevada 89451

> */s/ Ann Marie Arcadi*
> Ann Marie Arcadi